## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Meghan Ronayne, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I have been employed by HSI since August 2020 and I am currently assigned to the Office of the Special Agent in Charge ("SAC") in Boston, Massachusetts. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia where I received training to become a federal agent; specifically, I received a certification in the Criminal Investigator Training Program and the HSI Special Agent Training Program.  As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, the transfer of obscene material to minors, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 1470, 2422, 2423, 2251, and 2252A.  I have conducted and participated in several investigations of violations of those statutes.  I have also previously assisted in the execution of federal search warrants in connection with these investigations. I have received training in the investigation of child pornography, child exploitation, and transportation of minors, and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256).

2.      I make this affidavit in support of a criminal complaint charging Chayanne NIEVES, YOB 1998, of Lowell, Massachusetts, with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

1

3.      The facts in this affidavit come from my own personal involvement in the investigation and my personal observations; my review of records, including reports prepared by Vermont State Police; and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge about this matter.  Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## **PROBABLE CAUSE**

4.      Based on information obtained from other agents as well as my review of written reports from Vermont State Police ("VSP"), I am aware that, on December 3, 2020, an adult female reported to VSP that her 11-year-old daughter ("Minor A"), YOB 2009, of Waterbury, Vermont,[1] had recently created a Snapchat[2] account, and that Minor A used this account to send inappropriate photos to an adult male who Minor A met on the app.  VSP then initiated an investigation.

5.      Based on an initial forensic interview of Minor A, law enforcement learned that, on or about November 30, 2020, the user of a particular Snapchat account (hereinafter, "the SUSPECT SNAPCHAT ACCOUNT")[3] connected with Minor A on Snapchat.  Minor A told the

---

[1] The identities of Minor A and Minor A's mother are known to law enforcement but redacted here to protect the child victim's privacy.

[2] Snapchat is a mobile application designed for chatting or messaging.  To use this application, a user downloads the application to a mobile phone or other mobile device via a service such as Google Play Store, Apple iTunes, or another similar provider.  Once downloaded and installed, the user is prompted to create an account and username.  The user also has a display name, which is what other users see when transmitting messages back and forth.  Once the user has created an account, the user is able to locate other users via a search feature, and the two parties can then send each other messages, images, and videos.

[3] The username associated with the account is known to law enforcement but redacted here to protect the integrity of ongoing investigations related to NIEVES's use of this and other accounts to sexually exploit children in Massachusetts and other jurisdictions.

SUSPECT SNAPCHAT ACCOUNT that she was 13 years old.[4]  Between November 30, 2020, and December 3, 2020, The SUSPECT SNAPCHAT ACCOUNT threatened and extorted Minor A to send him nude photographs of herself, which she did.  The SUSPECT SNAPCHAT ACCOUNT also extorted Minor A to have about three video calls with him on Snapchat; during one of the calls, the SUSPECT SNAPCHAT ACCOUNT made Minor A take her underwear off while he masturbated.

6.     On or about December 17, 2020, VSP obtained a search warrant for the SUSPECT SNAPCHAT ACCOUNT.  The information and data returned in response includes four images of Minor A that were saved to the SUSPECT SNAPCHAT ACCOUNT's photo library.  Two of the images I observed from the SUSPECT SNAPCHAT ACCOUNT are described below:[5]

a.     An image of Minor A standing up with a white t-shirt that is tied up near her navel. The t-shirt has a picture of a tiger on the front.  Minor A has orange underwear that is pulled down, fully exposing her vagina.

---

[4] In fact, Minor A was 11 years old at the time.

[5] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images relied upon for the issuance of legal process in this context, to determine whether the images depict the lascivious exhibition of a child's genitals.  *United States v. Brunette*, 256 F.3d 14, 18-19 (1st Cir. 2001).  Here, however, the minor depicted in the images has been identified by law enforcement and she is 11 years old.  Based on the victim's age, the description of the photos, and the context provided in this affidavit, there is sufficient description to "convey to the magistrate more than [my] mere opinion that the images constitute child pornography."  *United States v. Burdulis*, 753 F. 3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*); *see also United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice is for an applicant seeking a warrant based on images of alleged child pornography to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added).  *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that they depicts child pornography.

b.      An image of Minor A wearing a white t-shirt with what appears to be the same tiger on the front.  Minor A appears to be lying on a bed. She is naked from the waist down and her legs are spread apart exposing her vagina as the focal point of the image.

7.      The Snapchat warrant return also included chat communications between the SUSPECT SNAPCHAT ACCOUNT and Minor A.  For example, on December 2, 2020, between 12:34 am and 12:40 am, Minor A told the SUSPECT SNAPCHAT ACCOUNT that she was 13 years old, and the SUSPECT SNAPCHAT ACCOUNT responded, "I'm way older than you. Wanna be my gf."[6]    Another chat conversation from December 3, 2020, between approximately12:37 pm and 12:49 pm, included the following exchanges:

> SUSPECT SNAPCHAT ACCOUNT : "Then ima call u ima jerk off while u show me ur pussy on call ok"
>
> Minor A: "I wish I never met u I'm serious"
>
> SUSPECT SNAPCHAT ACCOUNT: "Fine I'll post u then"
>
> Minor A: "No"
>
> SUSPECT SNAPCHAT ACCOUNT: "Then we gonna call?"
>
> Minor A: "Ur gonna be looking at the ceiling"
>
> SUSPECT SNAPCHAT ACCOUNT: "No ima see ur pussy or ima post u now"
>
> Minor A: "Don't post me"
>
> SUSPECT SNAPCHAT ACCOUNT: "Then ima call u and u better pick up and show me ur pussy till I cum ok"
>
> …
>
> SUSPECT SNAPCHAT ACCOUNT: "ok u just show me ur pussy while I cum ok"
>
> Minor A: "Why do u even want me to"
>
> SUSPECT SNAPCHAT ACCOUNT: "just fucking do it ima call you now"
>
> …
>
> SUSPECT SNAPCHAT ACCOUNT: "Bye ima post all you pics"
>
> Minor A: "Don't I'm serious"

---

[6] I understand "gf" to be a common abbreviation for "girlfriend."

SUSPECT SNAPCHAT ACCOUNT: "Then fucking pick up the call and show me don't fucking piss me off I'm serious"

8.      VSP subsequently identified the user of the SUSPECT SNAPCHAT ACCOUNT as NIEVES based on, among other things, photos in the Snapchat search warrant return for the SUSPECT SNAPCHAT ACCOUNT and related social media accounts, including the Facebook account "real.chay.98" that had the same or similar photos as the Snapchat account and a subscriber phone number associated with NIEVES.

9.      Based in part on the foregoing information, on August 18, 2021, I obtained a federal search warrant for NIEVES's residence in Lowell, Massachusetts, for evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251, 2252A, 2422, and 1470.  The affidavit submitted in support of that warrant is attached hereto as **Sealed Exhibit A**.

10.     Agents, with the assistance of local law enforcement, executed the residential search warrant on August 19, 2021, at about 6:08 a.m.  NIEVES was present when agents arrived.

11.     After being advised of and executing a written waiver of his *Miranda* rights, NIEVES agreed to speak with agents.  The waiver and interview were recorded; the following statements are summary in nature.

12.     NIEVES identified a red iPhone located in the top drawer of his bedroom dresser as his iPhone. He provided agents on scene with the password to the iPhone.

13.     Agents asked NIEVES about his Snapchat and other social medial accounts.  When agents asked him about the SUSPECT SNAPCHAT ACCOUNT, NIEVES admitted that the SUSPECT SNAPCHAT ACCOUNT was his "old account," and stated that Snapchat had banned the account.  NIEVES also confirmed that the Facebook account "real.chay.98" was his, but said he has since deleted the account and started a new one.

14.     Agents asked NIEVES if he was familiar with certain Snapchat usernames, including Minor A's Snapchat username, and NIEVES said he did not recall that username and that "I have so many ex-girlfriends . . . I can't remember any of their names once I'm done with them," or words to that effect.

15.     Agents conducted a preliminary on-scene forensic review of NIEVES's iPhone. On the iPhone, agents located a video inside of a WhatsApp chat conversation.  The file path for the video file is: mobile/Containers/Shared/AppGroup/group.net.whatsapp.WhatsApp.shared/ Message/Media/13342342032@s.whatsapp.net/b/c/bc82a36a-52d9-44ce-bdf4- 87eb6abf2231.mp4.  The video file is an 8-second video that appears to be a screen recording of a mobile device scrolling through a folder containing several videos; the screen shows thumbnails of those video files along with portions of their respective file names.  Those thumbnail images visible in the video appear to depict child pornography.  The following are descriptions of two of the thumbnail images seen in this video:

a.  One of the thumbnails seen in the video is labeled with a file name that begins with "cp niñas …" This image depicts a prepubescent minor, who appears to be 4-6 years old, completely naked with legs spread apart, and an adult male's hand and erect penis hovering over the genital area of the minor.  Because of the lack of development of the child and the positioning of the adult male's body parts, it is not possible to determine whether the child is male or female.

b.  Another of the thumbnail images seen in the video is labeled with a file name that begins "cp …" This image depicts a female toddler, who appears to be 2- 3 years old.  A hand is seen in the image pulling-up the toddler's shirt; the toddler is naked from waist down and the image is focused on her vagina.

16.     In the iPhone camera roll and SMS attachment folders, agents also located an image that appears to be the same image as one found in the Snapchat return for the SUSPECT SNAPCHAT ACCOUNT, which was also contained in the photos of the "real.chay.98" Facebook account.  Agents showed NIEVES a copy of this photo obtained from the SUSPECT SNAPCHAT ACCOUNT return, and NIEVES confirmed that he was person in the image.

17.     Agents also located a text message conversation on NIEVES's iPhone dated June 23, 2021.  In this conversation, NIEVES sent a photo of himself that depicts his face and a tattoo on his left hand,[7] and stated "that's me."  NIEVES also sent text messages to the other person stating, "we used to talk on snap" and "[the SUSPECT SNAPCHAT ACCOUNT] used to be my snap."

18.     According to information maintained by the Massachusetts Sex Offender Registry Board, NIEVES is a registered Level 3 sex offender.  NIEVES's criminal history includes a 2018 conviction in Middlesex Superior Court, No. 1781CR00538, to two counts of Indecent Assault and Battery on Child Under 14.[8]

### CONCLUSION

19.     Based on the foregoing, I submit there is probable cause to believe that between on or about November 30, 2020, and on or about December 3, 2020, NIEVES knowingly received any child pornography that had been mailed, and using any means and facility of interstate and

---

[7] I observed the same tattoo on NIEVES's hand during my interview of him.

[8] NIEVES also has a 2017 conviction in Lowell District Court, No. 1711CR00417, to Assault and Battery Shod Foot and Open and Gross Lewdness.  I know, from review of records and consultation with other law enforcement, that NIEVES was originally charged in that case with Assault with Intent to Rape after he followed a woman down a public sidewalk with his pants down, masturbating and yelling to her in Spanish if she wanted "to fuck."  In addition, on August 28, 2020, NIEVES was charged in Lowell District Court, No. 2011CR002408, with one count of Open and Gross Lewdness, based on allegations that he exposed his penis and masturbated outside in front of a female neighbor while she was on her front steps.  That case is currently pending.

foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).

Meghan Ronayne, Special Agent
Homeland Security Investigations

Sworn before me by telephone pursuant to Fed. R. Crim. P. 4.1 this  19th  day of August, 2021.

2:03 p.m.

HON. DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE

8