UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>CHAYANNE NIEVES | No. 21-cr-10278-IT |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Chayanne Nieves manipulated, coerced, and threatened a then-11-year-old girl into sending him nude photographs of herself and participating in video calls where the defendant made the victim take her underwear off while he masturbated on camera. And all of this occurred while Nieves was a registered sex offender, still serving a sentence from one of his multiple prior sex offense convictions.

In this case, Nieves pled guilty pursuant to a plea agreement to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), which carries a 15-year mandatory minimum sentence. Per that plea agreement, the government agreed not to charge the defendant with sexual exploitation of children, which carries a 25-year mandatory minimum sentence, and agreed to recommend a sentence no greater than the low-end of the guidelines sentencing range. After considering all of facts of the offense and the defendant's history, as detailed in the PSR, the government is asking the Court to impose a low-end Guidelines sentence of 262 months of imprisonment followed by 120 months of supervised release. For the reasons set forth herein and to be articulated at the sentencing hearing, the

government submits that this recommended sentence is sufficient but not greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

### A. Nature of the offense

Nieves's offense is detailed in the PSR and will not be recounted here in full. In summary, Nieves used the social media application, Snapchat, to find his young victim, and then coerced her into sending him nude photographs.

The victim in this case was 11 years old, though she told Nieves that she was 13 years old. Even knowing that she was 13, though, did not deter Nieves. To the contrary, he commented in response, "I'm way older than you. Wanna be my [girlfriend]?"

After emotionally manipulating his victim, Nieves coerced the 11-year-old into sending him nude photographs of herself over Snapchat. Two of these images depict the victim's exposed vagina. Nieves also threatened the 11-year-old victim into participating in video calls with him, during which he had her take her underwear off while he masturbated. As the text conversations surrounding these video calls make clear, Nieves was extorting the victim into doing something she clearly did not want to do by using threats. Nieves threatened to post the victim's nude photographs if she did not continue to do exactly what he asked him to do, including continue to subject herself to his sexual abuse. At one point, the victim said to Nieves, "I wish I never met u I'm serious." But that did not deter Nieves.

This offense has an identifiable victim that was traumatized by this defendant, and it necessitates a significant sentence.

B. **Defendant's history**

At just 24 years old, Nieves already had a record of multiple prior convictions for sex offenses. For example, in 2017, Nieves was convicted in Lowell District Court, No. 1711CR004171, of Assault and Battery with a Dangerous Weapon (ABDW) and Open and Gross Lewdness. The ABDW charge was originally charged as Assault with Intent to Rape. That conviction was based on Nieves following a woman down a public sidewalk while exposing himself and masturbating, and yelling to her in Spanish about having sex with him.

In 2018, Nieves was convicted in Middlesex Superior Court, No. 17CR00539, of two counts of Indecent Assault and Battery on a Child under 14. That conviction involved a then 12-year-old girl. Nieves (then 19 years-old) touched the minor's vagina and attempted to have the minor touch his penis.

In 2019, Nieves was convicted in Lowell District Court, No. 1811CR00654, of Accosting/Annoying. That case involved Nieves's harassment of a then 19-year-old over Snapchat and Facebook, threatening to send slanderous messages to the victim's boyfriend if she did not have sex with him.

This history shows a troubling pattern of sexual predation by Nieves. And none of these prior convictions—including the period of probation he was on while committing the instant offense—deterred him. To achieve deterrence, and promote respect for the law, a significant sentence is necessary.

### C. Guidelines and kinds of sentences available

The government agrees with the Guidelines calculation in the PSR. The Guidelines recommended sentence in this case is 262 to 327 months of imprisonment. In addition, based on data collected by the Sentencing Commission detailed in the PSR, the average sentence imposed for defendants sentenced based on this Guidelines provision, offense level, and criminal history is 313 months, and the median is 300 months—both at the upper half of the Guidelines range, and well above the 15-year mandatory minimum.

## CONCLUSION

For the foregoing reasons and those to be articulated at the sentencing hearing, the government asks the Court to impose the requested sentence, consistent with the parties' plea agreement.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Charles Dell'Anno*
Charles Dell'Anno
Assistant U.S. Attorney

Date: July 19, 2023

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                    */s/ Anne Paruti*
                                    Anne Paruti
                                    Assistant U.S. Attorney

Dated: July 19, 2023